Kevin & Fawnia Farrar
c/o 11332 N. Cutlass Street
Hayden, Idaho [83835]
Tele: 208-661-3220

U.S COURTS
Rcvd_____ Filed_____ Time 3:32
MAR 03 2015
ELIZABETH A. SMITH
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
COURT FILE NO.: CV - 2:15-CV-066-REB

| | |
|---|---|
| KEVIN FARRAR and<br>FAWNIA FARRAR,<br>　　　　Plaintiff(s),<br>v.<br><br>US BANK NATIONAL ASSOCIATION and<br>CITIMORTGAGE, INC.,<br><br>　　　　Defendant(s). | **VERIFIED<br>COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Venue is proper in this District because all alleged acts and transactions occurred here, Plaintiffs residence is located here, and Defendants transact business here.

## PARTIES

4. Plaintiffs KEVIN FARRAR and FAWNIA FARRAR are natural persons who's primary residence is in the city of Hayden, County of Kootenai, State of Idaho and are "Consumers" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant US BANK, NA (hereinafter "US BANK") is a collection agency operating from an address of 601 Second Ave S, Minneapolis, MN 55402-4302 and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant CITIMORTGAGE, INC. (hereinafter "CMI") is a collection agency operating from an address of 1000 Technology Dr., O'Fallon, MO 63368 and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On or about April 10, 2007, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a mortgage. *See attached Exhibit I.*

8. On or about August 21, 2013, the alleged debt was purportedly assigned, placed with, or otherwise transferred to Defendant US BANK for collection. *See attached Exhibit II.*

9. On May 19, 2014 Plaintiff was alleged in default. *See attached Exhibit III.*

10. On or about November 5, 2014 Plaintiff served upon defendants a Consumer Notice for Validation and Dispute of Debt pursuant to 15 USC§1692, FDCPA, et al. *See attached Exhibit IV.*

11. The notice required the defendant to validate/verify their alleged debt pursuant to 15 USC§1692g.

12. 15 USC§1692g requires defendant(s) to provide plaintiffs with verification of the alleged debt once received.

13. 15 USC 1692g(a)(5) and (b) requires defendants to cease all collection activity until the debt collector obtains verification of the alleged debt.

14. Defendant(s) have failed to provide one scintilla of proof of their alleged debt. *See attached Exhibit V.*

15. However, defendants continued to make attempts at collection of the alleged debt.

16. Section 9 and 18 of the Deed of Trust states in that specific notice containing mandatory language "Lender may require immediate payment in full...If Lender exercises this option" actions that the Lender must take prior to commencing a foreclosure. *See attached Exhibit VI.*

17. No demand for "Immediate Payment In Full" or "Notice of Acceleration" was ever given to the plaintiff by the lender. Thus default interest, late fees, legal fees were not expressly authorized per the contract.

18. Defendants took action they were not legally allowed to take: Enforcing an alleged security interest in real property in an improper venue.

19. Defendants executed the sale of defendants property on November 7, 2014, a violation of 15 U.S.C. § 1692i(a)(1) & (2), et al. (*see attached Exhibit VII*).

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

15 U.S.C. § 1692

1. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2. The foregoing acts and omissions by the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, the above-cited provisions of the

FDCPA, 15 U.S.C. § 1692 et seq., specifically 15 U.S.C. § 1692d(4); 1692e(2), (5), (6), (8) & (10); 15 U.S.C. § 1692f(6); 15 U.S.C. § 1692i(a)(1) & (2).

3. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered loss of property, out-of-pocket expenses and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692 k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692 k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692 k(a)(3) from the Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- [x] for an award of actual damages pursuant to 15 U.S.C. § 1692 k(a)(1) against each and every Defendant;

- [x] for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant;

- [x] for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692 k(a)(3) against each and every Defendant;

- [x] for an award of actual damages against the Defendant, for Plaintiff's emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial.

Respectfully submitted,

Dated: March 3, 2015

By: *[signature]*
Kevin Farrar

By: *[signature]*
Fawnia Farrar

## **VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

STATE OF IDAHO            )
                          ) ss
COUNTY OF KOOTENAI        )

KEVIN FARRAR and FAWNIA FARRAR, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. I have not altered, changed, modified, or fabricated the attached exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

By: _____
Kevin Farrar

By: _____
Fawnia Farrar

Subscribed and sworn to before me
this 3rd day of March, 2015.

_____ Seal:
Notary Public Signature

My Commission Expires on 12-26, 20 19



## **CERTIFICATE OF SERVICE**

The undersigned certifies that a true copy of this document has been sent by Certified Mail to US Bank, NA at 601 Second Ave S, Minneapolis, MN 55402-4302, and CitiMortgage, Inc. at 1000 Technology Dr., O'Fallon, MO 63368, Defendants, on this ____ day of March, 2015.

_____

c/o 9323 N. Government Way
Hayden, Idaho 83835